UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**B-BAR TAVERN INC**,<br><br>　　　　　Debtor. | Case No. **12-60228-11** |
| **B-BAR TAVERN INC**,<br><br>　　　　　Plaintiff.<br><br>-vs-<br><br>**PRAIRIE MOUNTAIN BANK**,<br><br>　　　　　Defendant. | Adv No. **12-00043** |

**MEMORANDUM OF DECISION**

　　　At Butte in said District this 5th day of April, 2013.

　　　Pending in this adversary proceeding is the Plaintiff's combined motion for leave to amend its complaint and join Steven T. Potts and Steven T. Potts PLLC ("Potts") as party-defendant (Docket Nos. 23/24). Defendant Prairie Mountain Bank ("PMB") filed an objection on the grounds that the proposed amendment is untimely, that PMB would be prejudiced by the need to reopen discovery, and that the proposed amended complaint adds non-core proceedings which would add possible requests for abstention and withdrawal of reference. A hearing on

1

Plaintiff's combined motion was held at Great Falls on March 8, 2013. Plaintiff was represented by attorney James A. Patten ("Patten") of Billings, Montana. PMB was represented by attorneys John P. Paul and James Anthony Donahue of Great Falls. No testimony or exhibits were admitted. The Court heard argument of counsel, after which the Court took Plaintiffs' combined motion under advisement. After review of the court docket, Plaintiff's combined motion and PMB's objection, and applicable law, for the reasons set forth below the Court will sustain PMB's objection and deny Plaintiff's combined motion. The Court concludes in its discretion that allowing the amendment would unfairly prejudice PMB, and that justice does not require leave to amend because Plaintiff may pursue its litigation against Potts in a nonbankruptcy forum.

This Court has jurisdiction of the above-captioned Chapter 11 case under 28 U.S.C. § 1334(a). Plaintiff and PMB agree in their initial pleadings that this adversary proceeding is related to the Chapter 11 case under 28 U.S.C. § 1334(b), and they agree further that venue is appropriate, that the original complaint is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O), and that this Court has the authority to grant the relief requested in the original complaint.

## BACKGROUND FACTS & PROCEDURAL HISTORY

The Debtor filed a voluntary Chapter 11 petition initiating the above-captioned Chapter 11 bankruptcy on February 27, 2012, marking the box that states the Debtor is a small business debtor as defined at 11 U.S.C. § 101(51D). The petition was signed by Richard Barnes as president.

Debtor filed its Schedules and Statement of Financial Affairs ("SOFA") on March 26,

2012. At Schedule B, item 21 ("Other contingent and unliquidated claims of every nature ....") Debtor listed civil claims against Potts in an unknown amount, and listed civil claims against PMB in unknown amount.

Schedule D lists PMB as the only creditor holding a secured claim in the amount of $823,681.41 incurred on "3.24.2012" in the nature of a lien from a trust indenture ("TI") on property at 616 10th Avenue South, Great Falls, MT, valued at $1,885,750.00. PMB's claim is marked contingent, unliquidated and disputed. Schedule H lists Barnes, Inc., as codebtor with Debtor to PMB.

A claims bar date of July 3, 2012, was set. PMB filed the only Proof of Claim filed in this case on June 12, 2012, asserting an oversecured claim in the amount of $820,923.27, plus interests, costs, charges and attorney fees. Claim 1 asserts that its basis for perfection is a recorded real estate TI, and the basis of claim is "money loaned/third party pledge." Attached to Claim 1 are documents including copies of a promissory note executed by Barnes, Inc., dated 3/24/2009 in the principal sum of $741,041.10, signed by Jack D. Barnes as president of Barnes, Inc. Also attached is a copy of the TI identifying the grantor as the Plaintiff B-Bar Tavern, Inc., dated 3/24/2009, and property descriptions for 616 10th Avenue South, securing the note. The TI is signed by Richard J. Barnes on behalf of B-Bar Tavern, Inc.

After a hearing held on September 10, 2012, the Court extended the period provided in 11 U.S.C. § 1129(e) and 11 U.S.C. § 1121(e)(3) to December 28, 2012. After a hearing held on October 12, 2012, the Court approved Debtor's disclosure statement, but ordered the hearing on confirmation of Debtor's Chapter 11 Plan continued until after this adversary proceeding has

3

been decided[1].

Debtor commenced the instant adversary proceeding by filing a complaint on August 22, 2012, against PMB. PMB filed an answer and counterclaim on September 20, 2012. The complaint avers seven (7) claims for relief objecting to PMB's claim and praying to invalidate PMB's TI and deny its Proof of Claim in full, plus attorney's fees.

PMB's answer admits the averments of the complaint that this Court has jurisdiction, that this is a core proceeding, that venue is appropriate and that this Court has the authority to grant the relief requested in the original complaint. PMB's answer goes on to admit and deny various other averments of the complaint, asserts affirmative defenses, and asserts a counterclaim to revise and reform the TI and an assignment of rents due to mutual mistake of the parties, and prays that the Court allow PMB's Proof of Claim and secured claim. Plaintiff filed an answer to PMB's counterclaim denying the allegations of mutual mistake and praying that the counterclaim be dismissed.

The Court conducted an initial pretrial scheduling conference on October 12, 2012. The parties were represented at the scheduling conference by counsel, and discussed pretrial scheduling and deadlines. The Court entered an Order on October 16, 2012, setting various pretrial deadlines and ordered that the parties comply. The Court fixed February 28, 2013, as the deadline to complete discovery, and trial was to commence on April 15, 2013[2].

---

[1] The Court anticipated that the hearing on confirmation would be held after a decision in this adversary proceeding in May 2013, but subsequent developments have made that schedule impracticable.

[2] Ordinarily, the Court fixes a deadline to amend pleadings to add parties. The Court's original scheduling Order (Dkt. 9) does not include a deadline to amend pleadings, likely because no indication was given at the time of the initial scheduling conference by counsel that

Plaintiff filed its combined motion to amend and join Potts on February 12, 2013. PMB filed its objection on the grounds that allowing the amendment would be prejudicial and the motion was untimely.

The Court held a second scheduling/status conference on March 6, 2013. After hearing statements from counsel, the Court entered a revised scheduling Order (Dkt. 37). The Court stated that, except for the pending motions and specified deadlines, all other pretrial scheduling dates have expired. The trial date was rescheduled to commence on August 5, 2013.

## DISCUSSION

### I. Contentions of the Parties.

Plaintiff's combined motion contends that during discovery it obtained facts to support additional claims against PMB and Potts, who it alleges represented PMB, Barnes Inc., and its owner Jack Barnes, and further contends that the additional claims share common questions of law and fact. Plaintiff requests this Court to exercise its discretion and grant it leave to file the amended complaint and join Potts, or it will have to litigate many of the same complaints against Potts in a different court. Plaintiff argues that the amendment is not proposed in bad faith, that there has been no undue delay, there is no prejudice to the opposing party and no futility of amendment. The amended complaint filed with Plaintiffs' combined motion adds claims for relief including breach of the covenant of good faith and fair dealing/tort, two claims of negligence, constructive fraud, deceit by Potts, unjust enrichment, and civil conspiracy. It prays for punitive damages and attorney fees.

PMB objects to the combined motion on the grounds of undue delay, and contends that

---

amendments were contemplated.

PMB would be prejudiced by additional discovery, which has closed. PMB argues that the additional claims for relief are not core proceedings, that Plaintiff has filed a complaint against Potts in state district court, and adding non-core proceedings will cause further delay in order to decide issues of abstention and withdrawal of reference.

At the hearing on Plaintiff's combined motions Patten argued that leave to amend should be freely given, and that trial of this adversary proceeding must be reset yet again. Notwithstanding, however, he argued that amendment would not cause undue delay. Patten argued that this Court will hear the same facts at trial whether it allows the amended complaint or not. PMB's counsel argued that Plaintiff's combined motion is made at the last minute before trial and represents a totally new strategy to add claims against Potts of which the Debtor was aware long ago. Patten responded that undue delay itself is not prejudicial, and that extending discovery would not cause undue prejudice.

In response to questions by the Court about the constitutional issues which would arise if the Court allows amendment based upon *Stern v. Marshall*, _ U.S. _, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), and the Ninth Circuit decision *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 561 (9th Cir. 2012), Patten admitted that those cases would require decisions by the United States District Court on whether this Court could hear and decide the additional non-core claims for relief and enter judgment, or enter proposed findings and conclusions.

**II. Amendment under Rule 15.**

Amendment of a complaint is governed by Fed. R. Civ. P. 15(a) (made applicable in adversary proceedings by F.R.B.P. 7015). Rule 15(a) allows a party to amend its pleading once as a matter of course under certain circumstances not present here. In these circumstances Rule

15(a)(2) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." PMB does not consent.

The Ninth Circuit addressed amendment under Rule 15(a) in *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990):

> Under Fed.R.Civ.P. 15(a), after twenty days from the date when the initial complaint was served, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although the rule should be interpreted with "extreme liberality," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981), leave to amend is not to be granted automatically. A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (listing these factors among others to be considered). Prejudice to the opposing party is the most important factor. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31, 91 S.Ct. 795, 802-03, 28 L.Ed.2d 77 (1971) (trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion); 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* 1487 (1990).

In *Jackson* the court found that allowing the proposed amended complaint adding claims would unduly prejudice the appellees because of the time and expense of continued litigation on a new theory, with the possibility of additional discovery. 902 F.2d at 1387-88. In the instant case the Court's original deadline to complete discovery was February 28, 2013. The Court has not extended that deadline. The proposed amended complaint adds several new claims, which are non-core and would require additional discovery by PMB to prepare adequately to litigate the new claims, taking PMB's employees away from their normal tasks. *See Jackson,* 902 F.2d at 1387-88. The Court finds that these factors support a finding that allowing Plaintiff's amended complaint and joinder of Potts would unduly prejudice PMB.

In *Jackson* leave to amend was denied on the grounds of prejudice to the opposing party

and undue delay of more than a year before the Plaintiffs filed their amended complaint. 902 F.2d at 1387-88. In the instant case the Court did not follow its normal scheduling procedure of setting a deadline for amended pleadings in its original pretrial order. Plaintiff filed its combined motion almost six months after it filed its original complaint. After review of the amended complaint, and PMB's objection, notwithstanding the "extreme liberality" with which Rule 15(a) must be interpreted, *Jackson*, 902 F.2d at 1387, Plaintiffs' motion to amend the complaint will be denied.

On the factor of undue delay, the Ninth Circuit stated that a relevant inquiry is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. *Jackson*, 902 F.3d at 1388; *AmerisourceBergen v. Dialysist West, Inc.*, 465 F.3d 946, 953(9th Cir. 2006). It appears to the Court that the Plaintiff knew or should have known the facts raised by the amended complaint. Debtor listed claims against Potts in its Schedule B, filed on March 26, 2012, almost five months before it filed its original complaint commencing this adversary proceeding, and almost eleven months before Plaintiff filed its combined motion to amend its complaint and add Potts. Plaintiff, as moving party, offered no testimony at the hearing or other evidence showing that the facts raised by the amended complaint were different than the facts it knew when it scheduled its claim against Potts on Schedule B.

The trial of this adversary proceeding has been continued once given scheduling conflicts with the Court, and is now scheduled to begin on August 5, 2013. Debtor's counsel Patten, however, at the hearing advised the Court that the trial will have to be continued again, and moreover that after allowing the amendment it will be necessary for motions and ruling before

the United States District Court for the District of Montana on issues of abstention and withdrawal of the reference. Thus, allowing the amended complaint would result in another indefinite delay of trial. Denying the amendment, on the other hand, gives this adversary proceeding an opportunity to get tried at an earlier date.

The small business Chapter 11 statutory provisions specify time limits for confirmation. Debtor filed a small business chapter 11 case. Section 1129(e) provides:

> In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3).

11 U.S.C. § 1129(e).

Debtor filed its small business plan on September 7, 2012. The 45 day time limit of § 1129(e) expired last October. At the hearing on October 12, 2012, the Court continued the confirmation hearing to May 2013, after this adversary proceeding could be concluded and decided. Based on the statements of Debtor's counsel at hearing, the May 2013 deadline for confirmation will be extended beyond the trial date of August. Sections 1129(e) and 1121(e)(3) for small business cases provide:

> [T]he time periods specified . . . and the time fixed in section 1129(e) within which the plan shall be confirmed, may be extended only if –
>
> (A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
>
> (B) a new deadline is imposed at the time an extension is granted; and
>
> (C) the order extending time is signed before the existing deadline

has expired.

§ 1121(e).

The delay in this adversary proceeding prompts this Court to require that the Debtor satisfy its obligation to demonstrate that it is more likely than not that the Court will confirm a plan within a reasonable period of time. This small business chapter 11 case is more than a year old. The claims bar date has closed, and the only proof of claim is filed by PMB. Given the respective positions of the parties, the Debtor has a challenge to satisfy the confirmation requirements of 11 U.S.C. § 1129, as well as the requirements of § 1121(e) to further extend the deadline for confirmation. These provisions prohibit a small business debtor from languishing behind the protections of the Bankruptcy Code under the guise of completing litigation required to determine allowance of claims. A hearing will be scheduled for May 10, 2013, at 9:00 a.m., or as soon as counsel may be heard, in Great Falls so Debtor can present evidence to satisfy the statutory requirements of §§ 1129(e) and 1121(e)(3).

The Court concludes that justice does not require allowing Plaintiff's proposed amendment to add claims and join Potts. Both sides admit that the Plaintiff has joined Potts in litigation in state court. Thus, denying Plaintiff's combined motion to amend does not mean that it loses its claims for relief against Potts, but rather means only that Plaintiff can litigate its claims against Potts fully in another forum, which is not under the constraints of § 1121(e) and § 1129(e). Instead of delaying this adversary proceeding and chapter 11 small business confirmation indefinitely, denying the combined motion preserves the August 5, 2013, date of commencement of trial and this Court's ability to hear and decide core proceedings.

For the above reasons,

**IT IS ORDERED** a separate Order shall be entered sustaining PMB's objection and denying Plaintiff's combined motion for leave to amend and to join Potts as a party, without prejudice; and setting a hearing on May 10, 2013, in Great Falls, as required by §§ 1129(e) and 1121(e)(3).

BY THE COURT

*Ralph B Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana